UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY YATES,

                    Plaintiff,

          v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION et. al.,

                    Defendants.

Case No. 2:25-cv-00935-ART-DJA

ORDER

Plaintiff Gregory Yates sued Defendants United Services Automobile Association Casualty Insurance Company ("USAA CIC") and United Services Automobile Association ("USAA") for 1) breach of contract, 2) tortious breach of the implied covenants of good faith and fair dealing, 3) contractual breach of the implied covenant of good faith and fair dealing, 4) unfair claims practices, and 5) declaratory relief, following a motor vehicle collision. (ECF No. 3.) Before the Court is Mr. Yates's Motion to Remand (ECF No. 11) and USAA's Motion to Dismiss. (ECF No. 6.) For the reasons stated below, the Court grants the motion to remand and denies USAA's motion to dismiss as moot.

**I.    Background**

On December 15, 2023, Mr. Yates was driving and got into a car accident, resulting in his injuries. (ECF No. 3 at ¶¶ 26–30.) Mr. Yates submitted his claim to USAA CIC, who insured him at the time. (*Id.* at ¶¶ 25–33.) The other driver did not have sufficient insurance to cover damages from the accident. (*Id.* at ¶ 31.) As a result, Mr. Yates alleges that he is entitled to the full uninsured motorist policy limit of $100,000, which he has not been paid. (ECF No. 11 at 14.)

Mr. Yates filed this action in state court against Defendants USAA CIC and USAA (ECF No. 1-2), and Defendants removed the case to this Court based on

1

diversity jurisdiction, arguing that non-diverse defendant USAA was fraudulently joined. (ECF No. 1-1.) Defendant USAA filed a motion to dismiss Mr. Yates's claims against it, asserting that Mr. Yates fails to state a valid claim for relief against USAA. (ECF No. 6.) Mr. Yates subsequently filed a motion to remand based on USAA's lack of diversity as a Nevada corporation, and Defendants' failure to establish the amount in controversy. (ECF No. 11.) Defendants responded that USAA was fraudulently joined, and Mr. Yates could not state a possible claim against USAA. (ECF No. 19.) Mr. Yates replied. (ECF No. 20.)

## II.    Legal Standard

A defendant may only remove a case brought in state court if the federal district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts have jurisdiction over lawsuits where the amount in controversy is over $75,000 and the parties are diverse. 28 U.S.C. § 1332(a). Federal courts "strictly construe the removal statute against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. *Carrington Mortgage Services, LLC v. Ticor Title of Nevada, Inc.*, 220CV699JCMNJK, 2020 WL 3892786, at *2 (D. Nev. July 10, 2020) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)).

Here, Defendants allege that USAA was fraudulently joined to destroy diversity and keep the present action in state court. (ECF No. 19.) "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

against the non-diverse party in state court.'" *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortgage Inv. Tr. 2007-1 v. Old Republic Title Ins. Group, Inc.*, 532 F. Supp. 3d 1004, 1009 (D. Nev. 2021) (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted)). Defendants argue the second method.

To fulfill the second method, the defendant must show that an "individual[] joined in the action cannot be liable on any theory." *Grancare*, 889 F.3d at 548 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis in original)). "[This] standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule (12)(b)(1) for lack of federal question jurisdiction." *Grancare*, 889 F.3d at 549–50. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548 (citing *Hunter*, 582 F.3d at 1046). "While plaintiff may not ultimately recover against [defendant], this does not mean that [defendant] was fraudulently joined. In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims . . ." *Carrington Mortgage Services, LLC*, 2020 WL 3892786, at *5 (internal citation omitted). "When applying the possible-claim standard for fraudulent joinder, a 'district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.'" *Duncan Golf Management v. Nevada Youth Empowerment Project*, 3:23-cv-0666-ART-CSD, 2024 WL 4349454 at *2 (D. Nev. Sept. 28, 2024) (quoting *Grancare*, 889 F.3d at 550).

### III.   Analysis

### A. Joint Venture/Alter Ego

Mr. Yates contends that USAA CIC and USAA[1] are jointly liable for all claims under a theory of joint venture.[2] (ECF No. 3 at 2–3.) Accordingly, he argues that USAA is a proper party to this litigation, destroying diversity and mandating remand. (ECF No. 11.)

Defendants respond that Mr. Yates has not set forth any factual allegations establishing joint venture. (ECF No. 19 at 6.) Additionally, Defendants argue that Mr. Yates cannot advance a viable claim of joint venture "because USAA and USAA CIC are in an express and demonstrable parent-subsidiary relationship," contradicting "the existence of any joint venture between them." (*Id.*)

Under Nevada law, a joint venture is a "contractual relationship in the nature of an informal partnership wherein two or more persons conduct some business enterprise, agreeing to share jointly, or in proportion to capital contributed, in profits and losses." *Hook v. Giuricich,* 823 P.2d 294, 296 (Nev. 1992) (citation omitted).

The Court finds that it is plausible that USAA and USAA CIC are "involved in a joint venture to an extent sufficient to expose [USAA] to all policy-based contractual claims and bad faith liability." *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998). The Nevada Supreme Court found in *Wohlers* that evidence to support a finding of joint venture included development of promotional materials, issuing policies, billing and collecting premiums, paying and adjudicating claims, and assisting in development of contractual provisions. *Id.*

Mr. Yates similarly alleges, among other things, that USAA's logo appears

---

[1] The parties do not dispute that USAA is a citizen of Nevada.

[2] Mr. Yates also advances an alter ego theory in his amended complaint. (ECF No. 3 at 3.) However, because he does not make any arguments regarding alter ego in his motion to remand, the Court will not address it. (*See* ECF No. 11.)

on USAA CIC's materials, USAA adjusted his claim, USAA employees made an offer to settle Mr. Yates's claim, USAA issues and develops USAA CIC's policies, and USAA bills and collects premiums for USAA CIC. (ECF Nos. 3 at 3; 11 at 3.) Though USAA may not be the insurer and thus not a party to the contract, "under Nevada law it is possible that USAA can be found to be involved in a joint venture with the insurer and liable to [Mr. Yates] as alleged in the complaint." *Barbier v. United Servs. Auto. Ass'n*, No. 2:20-CV-00561-KJD-EJY, 2021 WL 694809, at *2 (D. Nev. Feb. 23, 2021).[3] Additionally, Defendants have cited no case law demonstrating that the existence of a parent-subsidiary relationship negates the possibility of a joint venture. The Court thus finds that Mr. Yates has presented enough evidence to warrant remand.

### B. Bad Faith Liability of Third-Party Adjuster

Mr. Yates argues that even if no contract exists between him and USAA, he could still advance bad faith claims against USAA. (ECF No. 11 at 12–14.) These bad faith claims are purportedly related to his contractual and tortious breach of the implied covenant of good faith and fair dealing claims against USAA as a third-party adjuster. (*Id.*) Defendants respond that Nevada has not recognized bad-faith liability claims against third-party adjusters and that Mr. Yates did not advance this argument in his complaints. (ECF No. 19 at 9.)

As stated above, fraudulent joinder may be established "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation and internal quotations omitted). While Defendants cite a District of Nevada case to show that Mr. Yates cannot maintain a claim of bad-faith liability under Nevada law, they do not dispute that the

---

[3] Though Defendants attempt to distinguish *Barbier*, arguing that the case fails to discuss the corporate relationship between USAA and the insurer, the Court finds the case persuasive at the motion to remand stage. (ECF No. 19 at 8.)

Nevada Supreme Court has never decided this issue. (ECF No. 19 at 9.) The Court is unable to conclude that there is no possibility that a state court would find that Mr. Yates can state a claim for bad-faith liability against USAA. Moreover, contrary to Defendants' arguments, a "'district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.'" *Duncan Golf Management*, 2024 WL 4349454 at *2 (quoting *Grancare*, 889 F.3d at 550). Thus, even if Mr. Yates failed to state a claim for bad-faith liability in his complaint, the Court finds that Mr. Yates can amend, and thus grants his motion for remand.

## IV.   Conclusion

IT IS THEREFORE ORDERED that Mr. Yates's Motion to Remand (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 6) is DENIED as moot.

Dated this 28th day of January 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE